**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 19-cv-60632-BLOOM/Valle**

ADRIANA JURADO and
GUSTAVO JURADO,

    Plaintiffs,

v.

WELLS FARGO, N.A., BANK OF NEW YORK
MELLON AS TRUSTEE FOR WORLD SAVINGS
BANK MORTGAGE PASS-THROUGH CERTIFICATES
REMIC 32 TRUST, RUSHMORE LOAN MANAGEMENT
SERVICES, LLC,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. Plaintiffs, proceeding *pro se*, bring this lawsuit against Rushmore, Wells Fargo Bank, N.A., and Bank of New York Mellon as Trustee for World Savings Bank Mortgage Pass-through certificates REMIC 32 Trust. Plaintiffs assert claims for violations of 12 CFR §1024.41, 15 USC §1461(g),[1] eight state law claims, and a claim for declaratory relief. Plaintiffs seek to have the Court render the mortgage lien on a property null and void, quieting title, and award Plaintiffs monetary damages.

Prior to initiating this action, on January 2, 2019 Plaintiffs filed the identical complaint against the same defendants before this Court in Case No. 19-cv-60001. In that case, this Court dismissed Plaintiffs' complaint as an improper shotgun pleading. The Court advised that each Count within the Complaint incorporates all paragraphs which precede it and the Complaint

---

[1] This section is titled "Effect Upon State Law." Plaintiff appears to have included the incorrect statute.

1

contains allegations referencing acts done by the "Defendants," improperly lumping them together. Rather than correct the deficiencies identified by the Court, Plaintiffs refiled the identical shotgun pleading in this action.

On March 28, 2019, this Court dismissed Plaintiff's Complaint without prejudice. *See* ECF No. [4]. This Court Ordered Plaintiffs to file an Amended Complaint by April 15, 2019 and cautioned that Plaintiffs are permitted "one more opportunity to file a complaint that is not a shotgun pleading." *Id.* at 2.

To date, Plaintiffs have failed to file an Amended Complaint. The Eleventh Circuit has explained that "[i]n dismissing a shotgun complaint for noncompliance with Rule 8(a), a district court must give the plaintiff 'one chance to remedy such deficiencies.'" *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018) (quoting *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018)). If a plaintiff fails to file a sufficient complaint after being put on notice of the specific defects in the original complaint, the district court should dismiss the case with prejudice. *Id.* at 1359. Here, Plaintiffs were provided multiple opportunities to file a sufficient complaint and have failed to do so. Accordingly, Plaintiffs' Complaint is dismissed with prejudice.[2]

**ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Complaint, ECF No. [1] is **DISMISSED WITH PREJUDICE**;
2. To the extent not otherwise disposed of, all pending motions are denied as **MOOT** and all deadlines are **TERMINATED**;

---

[2] Dismissal with prejudice is also appropriate given Plaintiffs' failures to comply with Court Orders in this case and Case No. 19-cv-60001 to file an amended complaint. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321 n.10 (11th Cir. 2015) ("Where a plaintiff fails to make meaningful modifications to her complaint, a district court may dismiss the case under the authority of either Rule 41(b) or the court's inherent power to manage its docket")

3. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida on April 22, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Adriana Jurado
935 Energy St.
Lot 013
Williston, ND 58801

Gustavo Jurado
935 Energy St.
Lot 013
Williston, ND 58801